## IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF KANSAS

**LEONA WALKER**,                                             Plaintiff,

vs.                                       Case No.  2022-CV-

**CHRISTINE E. WORMUTH,** Secretary of the Army,      Defendant.

### COMPLAINT

**COMES NOW** Leona M. Walker, by and through one of her attorneys, Peter Charles Rombold of Hoover Law Firm and for her Complaint over and against Defendant states and alleges as follows:

1. Plaintiff is an individual residing in the State of Kansas, and County of Geary.

2. Defendant, is the Secretary of the United States, Department of the Army (hereafter referred to as "Defendant") which term shall include Army Defendant's representatives and agents, including but not limited to the United States Army Department of Medical Activity officials and agents, assigned or formally assigned to Irwin Army Community Hospital (IACH) at Fort Riley, Kansas.

3a. Plaintiff hereby charges Defendant with discriminatory, and unlawful employment practices, expressly prohibited by 42 U.S.C. § 2000e-2.

3b. Plaintiff further charges Defendant with retaliatory employment practices, also expressly prohibited, by 42 U.S.C. § 2000e-3.

4. On February 24, 2022, Defendant took final action on Plaintiff's Complaint filed with the Equal Employment Opportunity Commission in Case No's 560-2019-00132X, and 560-

**COMPLAINT**

2019-00133X and denied Plaintiff's complaint of unlawful and discriminatory employment practices.

5. This Court possesses jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1343 and 1346.

6a. Plaintiff hereby charges Defendant with racially discriminatory and unlawful employment practices, consisting of but not limited to Defendant's subjection of Plaintiff to a hostile and intimidating work environment due to Plaintiff's race, contrary to 42 U.S.C. §200e-2.

6b. Plaintiff further charges Defendant with retaliatory and unlawful employment practices, consisting of but not limited to Defendant's subjection of Plaintiff to a hostile and intimidating work environment due to Plaintiff's prior protected activity, contrary to 42 U.S.C. §200e-3.

7. Complainant has long been labeled and regarded by the Defendant as a troublemaker and "angry black woman" due to her opposition to racism in the workplace and complaints she has filed of ongoing racially discriminatory and retaliatory employment practices against her.

8. This mischaracterization of Plaintiff has been carried out and perpetuated by IACH management in order to create and maintain a hostile work environment intended to result in Plaintiff's resignation from IACH, and to inflict emotional and physical distress and suffering by Plaintiff until she does. Examples of said hostile work environment, include but are not limited to the following:

9. On May 7, 2018 MAJ Mary Ugaddan refused to rate Plaintiff's performance due to ongoing EEO and Army Regulation 15-6 investigations pertaining to Plaintiff's complaints of racism in the workplace.

**COMPLAINT**

10. Nine (9) days letter another IACH official a CPT Brandon Wiilliams described Plaintiff's complaints as Plaintiff's "personality conflicts, "past history, and/or current issues" and stated that he hoped that Plaintiff's history of such conflicts or any current conflicts would not prevent IACH from accomplishing its mission.

11. Later in July of that year Plaintiff's second level supervisor, a Ms. Loyce Striggow, reassigned Plaintiff supposedly because Plaintiff had created a hostile work environment due to her complaints of racism in the workplace.

12. MAJ Ugaddan's counseling and refusal to fully rate Plaintiff's performance was without factual or regulatory basis, and was intended as reprisal against Plaintiff, without regard for Plaintiff's demonstrated, excellent job performance and commitment to the soldiers in Plaintiff's care.

13. When the counseling issued, MAJ Ugaddan had been supervising Plaintiff for but a short period of time.  MAJ Ugaddan informed  Plaintiff that she resented Plaintiff for causing MAJ Ugaddan to become involved in an EEO complaint, which had never happened to MAJ Ugaddan until she was assigned to the WTB, and then became involved with a pending EEO complaint filed by Plaintiff.

14. MAJ Ugaddan told Plaintiff that she had been informed of Plaintiff's prior EEO activity, and asked Plaintiff why she stayed at the WTB given Plaintiff's EEO complaints.

15. As a result of MAJ Ugaddan's refusal to rate Plaintiff due to pending EEO Complaints, Plaintiff did not receive a bonus, performance awards and other recognition for job performance, which was not only warranted by Plaintiff's job performance, but was received by every other similarly situated employee at the WTB.

**COMPLAINT**

16. As a result of continuing discriminatory and retaliatory actions and the hostile and intimidating work environment maintained by IACH against Plaintiff, Plaintiff has suffered damages in an amount exceeding $75,000 and continues to suffer physical and emotional pain and suffering for which she has required evaluation and treatment by health care providers, which continues to this date.

**WHEREFORE**, Complainant prays the Court issue its judgment and decree the Defendant has committed racially discriminatory and unlawful employment practices against Plaintiff; that Defendant has created and maintained a hostile and intimidating work environment for Plaintiff, that the Court award Plaintiff compensatory damages in an amount exceeding $75,000; for an Order requiring comprehensive equal employment opportunity training at Irwin Army Community Hospital, and Ft. Riley, Kansas and such other equitable relief necessary to prevent Plaintiff and others similarly situated, from being subjected to any further ostracization or retaliation as a result of prosecuting this complaint, for her attorney fees and costs incurred herein, and for such other and further relief which the Court deems just and equitable.

RESPECTFULLY SUBMITTED,

/s/ Peter Charles Rombold
Attorney for Plaintiff
Ks. S. Ct. No. 11539
HOOVER, SCHERMERHORN,
EDWARDS, PINAIRE & ROMBOLD
811 North Washington Street
Junction City, KS  66441
Attorneys for Plaintiff
(785) 238-3126
(785) 238-1717 (fax)
E-mail: rombold@hooverlawfirm.com

**COMPLAINT**

## Demand for Trial by Jury

Comes Now Plaintiff, by and through one of her attorneys, Peter Charles Rombold, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold and on behalf of Plaintiff hereby demand trial by jury on the Complaint in Kansas City, Kansas.

/s/     Peter Charles Rombold, #11539
HOOVER, SCHERMERHORN,
EDWARDS, PINAIRE & ROMBOLD